

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

Afsaan Saleem
*Senior Counsel*
Tel.: (212) 788-9580
Fax: (212) 788-9776

BY HAND DELIVERY
Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, N.Y. 10007

> Application granted. Conference adjourned to 8/20/08 at 9:15 a.m. See Court's individual practices regarding pre-motion conferences.
>
> SO ORDERED:
> Date: 6/12/08
> Richard M. Berman, U.S.D.J.

Re: Brian Sosa v. The City of New York, et al., 08-CV-4494 (RMB) (JCF)
08 CV 4494 (RMB)

Your Honor:

    I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department. I am writing, on behalf of the City of New York, to respectfully request that in lieu of answering or otherwise responding to the original Complaint in this action, that the defendants be granted a 45 day enlargement of time, to answer or otherwise respond to the Amended Complaint, once it has been filed and once all defendants have been served. In addition, I am requesting that the Initial Conference which is currently scheduled for June 17, 2008 be adjourned to a date at least 60 days from today. This request for an extension is the City's first. Plaintiff's counsel has consented and agreed to this request.

    We propose this request and seek this extension for several reasons. First of all, a Summons and Complaint was initially filed with the Bronx County Supreme Court and served on the City on April 14, 2008. My office subsequently had the case removed to federal court by way of a Notice of Removal that was filed May 14, 2008. By the time I was assigned the case, the time for the City to answer or otherwise respond to the Complaint had passed. I contacted plaintiff's attorney to get his consent to an enlargement of time to answer or otherwise respond to the Complaint. Plaintiff's attorney instead proposed that the City provide him with the names and service information for the officers involved so that the plaintiff can amend the complaint and allowing the defendants to just answer or respond to the Amended Complaint. The City agreed to this request and has provided plaintiff with the names, shield numbers and service address of the two individual officers directly involved.

We ask Your Honor's permission that the City and the soon to be named individual defendants be afforded 45 days, after service has been effected on all defendants, in which to answer or respond to the amended complaint. The additional time is necessary for several reasons. In this case, police officers shot the plaintiff several times while trying to effectuate a traffic stop. As a result of the unique circumstances, an investigation was conducted. The additional time is needed to ensure that the Police Department has concluded its investigation.

In addition, an extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the officers once they have been served with process. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Further, the reason why the City proposes adjourning the Initial Conference, until at least after all of the defendants have answered or responded to the amended complaint, is because we need the additional time to investigate the allegations of the complaint in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure. As this case involved a police shooting, it is much more involved than a more routine false arrest case or excessive force case. In addition, it is our understanding that the records of plaintiff's underlying criminal action, to the extent there was any, including police records, District Attorney files, and criminal court files are sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution, consents and authorizations for release of those records sealed so that we can access the information, properly assess this case, and respond to the complaint.

We once again ask the Court to allow the City, in lieu of answering plaintiff's initial Complaint, to answer plaintiff's Amended Complaint once it has been served on all defendants. We also ask that the Court enlarge the time in which the City has to respond to the Amended Complaint to an additional 45 days after all defendants have been served. Finally, we ask that the Court adjourn the Initial Conference until the defendants have answered or otherwise responded to the Amended Complaint. We thank the Court for its consideration of these requests.

Respectfully submitted,

Afsaan Saleem
Senior Counsel
Special Federal Litigation Division

cc:   BY FAX
      Jason G. Krantz, Esq.
      Phillips, Krantz & Levi, LLP