JS 44C/SDNY
REV. 1/2008

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**

Brian Sosa and Rebecca Quinones

**DEFENDANTS**

The City of New York, The New York City Police Department, Police Officer Daniel King, Shield No. 23592, and Police Officer Dawn Mitchiner, Shield No. 6522

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Phillips, Krantz & Associates, LLP, 204 West 84th Street, NY, NY 10024
(212) 580-6500

**ATTORNEYS (IF KNOWN)**

Michael A. Cardozo, Corporation Counsel, 100 Church Street, New York, New York 10007
(212) 788-0516

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violation of Civil Rights, 42 U.S.C. Section 1983, Fourteenth Amendment

Has this or a similar case been previously filed in SDNY at any time? No? [✓]  Yes? [ ]   Judge Previously Assigned _____

If yes, was this case  Vol.[ ]  Invol.[ ]  Dismissed. No[ ]  Yes[ ]  If yes, give date _____  & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)                    **NATURE OF SUIT**

### TORTS

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [X] 440 OTHER CIVIL RIGHTS

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 OTHER FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 463 HABEAS CORPUS- ALIEN DETAINEE
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____   OTHER _____   JUDGE Honorable Richard Berman   DOCKET NUMBER 08CV4494

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES  [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☑ 2a. Removed from State Court ☐ 2b. Removed from State Court AND at least one party is pro se. | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

(PLACE AN x IN ONE BOX ONLY)  **BASIS OF JURISDICTION**  *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☑ 3 FEDERAL QUESTION (U.S. NOT A PARTY)   ☐ 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Brian Sosa
970 Boston Road, Apt. 1P
Bronx, New York 10456

Rebecca Quinones
135 West 168th Street
Bronx, New York 10452

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
New York, New York 10038

*NYC Police Officer Daniel King, Shield No. 23592
Precinct 42
830 Washington Avenue
Bronx, NY 10451*

*NYC Police Officer Dawn Mitchener, Shield No. 6522
Precinct 42
830 Washington Avenue
Bronx, NY 10451*

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☑ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 07/23/08   SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 04 Yr. 1998)
Attorney Bar Code #

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

Brian Sosa and Rebecca Quinones

**SUMMONS IN A CIVIL ACTION**

V.

The City of New York, the New York City Police Department, New York City Police Officer Daniel King, Shield No. 23592, and New York City Police Officer Dawn Mitchiner, Shield No. 6522,

CASE NUMBER: 08CV4494 (RMB) (JCF)

TO: (Name and address of Defendant)

1. The City of New York
1 Centre Street
New York, NY 10007

2. New York City Police Department
1 Police Plaza
New York, NY 10038

3. New York City Police Officer Daniel King
Shield No. 23592
Precinct 42
830 Washington Avenue
Bronx, NY 10451

4. New York City Police Officer Dawn Mitchiner
Shield No. 6522
Precinct 42, 830 Washington Avenue
Bronx, NY 10451

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Phillips, Krantz & Associates, LLP
204 West 84th Street
New York, New York 10024

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                              DATE

(By) DEPUTY CLERK

Jason G. Krantz, Esq.
(JK-0166)
PHILLIPS, KRANTZ & LEVI, LLP
Attorneys for Plaintiff
204 West 84th Street
New York, New York 10024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BRIAN SOSA and REBECCA QUINONES,

                                  Plaintiffs,                      **AMENDED**
                                                                   **COMPLAINT**

-against-

                                                                  **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
POLICE COMMISSIONER, NEW YORK CITY
POLICE OFFICER DANIEL KING, SHIELD NO. 23592,   Docket No. 08CV4494 (RMB)
and POLICE OFFICER DAWN MITCHINER, SHIELD                         (JCF)
NO. 6522,

                                  Defendants.
-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, BRIAN SOSA, seeks relief for the defendants' violation of his rights secured by the Civil Rights Acts of 1866 and 1871, 42 U.S.C. Sections 1981 and 1983, and of rights secured by the Fourth Amendment, the Thirteenth Amendment and by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and the rights secured under the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1343 (3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights. The amount of damages in controversy is in excess of Fifty Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The plaintiff demands a trial by jury on each and every one of the claims as pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

7. At all times herein mentioned, Plaintiff **BRIAN SOSA** was, and still is, a resident of the County of Bronx, State of New York.

8. At all times herein mentioned, Plaintiff **REBECCA QUINONES** was, and still is, a resident of the County of Bronx, State of New York.

9. The cause of action alleged arose in the County of Bronx, City and State of New York.

10. At all times herein mentioned, Plaintiff **BRIAN SOSA** has duly complied with all the conditions precedent to the bringing of this action and in particular, has, on February 6, 2008, and

within the time prescribed by law, duly served upon Defendant, **THE CITY OF NEW YORK**, a Notice of Claim stating, amongst other things, the time when and place where the injuries and damages were sustained, and more than thirty (30) days have elapsed since the presentation of said notice of claim, and such claim remains unadjusted and unpaid, and thereafter, and within the time provided by law, this action was commenced.

11. That on March 26, 2008, a hearing pursuant to General Municipal Law 50-H was held.

12. Defendant **THE CITY OF NEW YORK** is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by **THE NEW YORK CITY POLICE DEPARTMENT**.

13. Defendant **THE NEW YORK CITY POLICE DEPARTMENT** is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for the Defendant **THE CITY OF NEW YORK** and assumes the risks incidental to the maintenance of its police force and the employment of police officers.

14. Defendant **POLICE OFFICER DANIEL KING, SHIELD NO. 23592** is and was at all times relevant herein an officer, employee and agent of **THE NEW YORK CITY POLICE DEPARTMENT**, a municipal agency of Defendant **THE CITY OF NEW YORK**. Defendant **DANIEL KING** is sued individually and in his official capacities.

15. Defendant **POLICE OFFICER DAWN MITCHINER, SHIELD NO. 6522** is and

was at all times relevant herein an officer, employee and agent of **THE NEW YORK CITY POLICE DEPARTMENT**, a municipal agency of Defendant **THE CITY OF NEW YORK**. Defendant **DAWN MITCHINER** is sued individually and in her official capacities.

16. At all times relevant herein, the individual defendants herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of **THE NEW YORK CITY POLICE DEPARTMENT** and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of **THE CITY OF NEW YORK** and **THE NEW YORK CITY POLICE DEPARTMENT** at all times relevant herein with the power and authority vested in them as officers, agents and employees of **THE NEW YORK CITY POLICE DEPARTMENT** and incidental to the lawful pursuit of their duties as officers, employees and agents of **THE NEW YORK CITY POLICE DEPARTMENT**.

## STATEMENT OF FACTS

17. That on or about February 1, 2008, Plaintiff **BRIAN SOSA** was lawfully operating a motor vehicle at or about 169th Street at or near its intersection with Franklin Avenue, in the County of Bronx, State of New York, and adjacent to 1299 Franklin Avenue, Bronx, New York.

18. That at said time and place, Defendant **POLICE OFFICER DANIEL KING, SHIELD NO. 23592**, without a warrant, cause or provocation did stop, seize, detain, arrest and imprison the Plaintiff **BRIAN SOSA**.

19. That at said time and place, Defendant **POLICE OFFICER DANIEL KING**, without a warrant, cause or provocation did assault the plaintiff **BRIAN SOSA** by using unnecessary and/or excessive force on the plaintiff including but not limited to, shooting the plaintiff.

20. That Defendant **POLICE OFFICER DANIEL KING** initiated and participated in the

malicious prosecution of the Plaintiff **BRIAN SOSA**.

21. That at said time and place, Defendant **POLICE OFFICER DAWN MITCHINER, SHIELD NO, 6522**, without a warrant, cause or provocation did stop, seize, detain, arrest and imprison the Plaintiff **BRIAN SOSA**.

22. That at said time and place, Defendant **POLICE OFFICER DAWN MITCHINER**, without a warrant, cause or provocation did assault the plaintiff **BRIAN SOSA** by using unnecessary and/or excessive fore on the plaintiff including but not limited to, shooting the Plaintiff.

23. That Defendant **POLICE OFFICER DAWN MITCHINER** initiated and participated in the malicious prosecution of the Plaintiff **BRIAN SOSA**.

24. That although Plaintiff was shot and handcuffed, no criminal charges were brought against Plaintiff **BRIAN SOSA**.

25. That as a result of the aforementioned occurrence, Plaintiff **BRIAN SOSA** was caused to sustain severe physical injury, mental and/or emotional distress, mental anguish, shock, emotional disturbance and psychic trauma and plaintiff had to extend money for medical care and legal expenses as well as damage and injury to his reputation, character and earning power.

26. On or about February 27, 2008, the Plaintiff initiated a complaint against the rogue New York City police officers at the Civilian Complaint Review Board ("CCRB"). Upon information and belief, the matter was assigned a case number 2008-02910, and both the CCRB and the Internal Affairs Bureau of the New York City Police Department are currently investigating same.

27. To date, the Plaintiff has never been advised of the findings of the CCRB investigation or of the Internal Affairs Bureau investigation.

28. The conduct of the defendants in assaulting the plaintiff, in shooting the plaintiff, in

depriving him of his state and federal rights, and in failing to adequately investigate the plaintiff's allegations of criminal misconduct on the part of the defendant police officers, proximately caused the plaintiff serious and permanent physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

## FIRST CLAIM

(Violation of Rights Secured by 42 U.S.C. §1983 and the
Fourteenth Amendment to the United States Constitution for
Seizing, Detaining, Arresting, Imprisoning, Prosecuting
and Assaulting the Plaintiff)

29. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 28 as if fully set forth herein.

30. The conduct and actions of Defendants **POLICE OFFICER DANIEL KING, POLICE OFFICER DAWN MITCHINER** and other unidentified Police Officers, acting under color of law, in falsely seizing, detaining, arresting and assaulting the plaintiff, and in prosecuting the plaintiff was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the plaintiff's Constitutional Rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION

Violation of Rights Secured by 42 U.S.C. §1983 and the
Fourteenth Amendment to the United States Constitution
by Failing to Protect the Plaintiff from Unconstitutional Harm

31. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 30 as if fully set forth herein.

32. The conduct and actions of Defendant **POLICE OFFICER DANIEL KING** and Defendant **POLICE OFFICER DAWN MITCHINER**, and other unidentified Police Officers, acting under color of law, in failing to take any steps to protect the plaintiff from the unjustified and unconstitutional treatment he was receiving at the hands of the police officer defendants, was done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution.

33. That as a result of the aforementioned occurrence, Plaintiff **BRIAN SOSA** was caused to sustain severe physical injury, mental and/or emotional distress, mental anguish, shock, emotional disturbance and psychic trauma and plaintiff had to extend money for medical care and legal expenses as well as damage and injury to his reputation, character and earning power.

## THIRD CAUSE OF ACTION

(Monell Claim Against the Municipal Defendants)

34. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

35. At all times material to this complaint, the Defendant, **CITY OF NEW YORK**, acting through its Police department and its Police Commissioner, had in effect de facto policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of Defendant **POLICE OFFICER DANIEL KING** and other unidentified Police Officers, and of the resultant official coverup of the wrong and unconstitutional conduct of these officers.

36. These de facto policies, practices and customs include, inter alia: (a) the negligent

failure to properly and effectively screen, hire, train, supervise, discipline, retain, transfer, counsel, and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those police officers who are repeatedly accused of such acts: and (b) the police code of silence wherein police officers regularly coverup police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by police officers, inter alia, in sworn testimony, official reports, in statements to the Civilian Complaint Review Board ("CCRB") and the Internal Affairs Bureau, and in public statements, all of which are designed to cover for and/or falsely exonerate the accused police officers.

37. On information and belief, the Defendants **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT**, negligently failed to properly and effectively screen, hire, train, supervise, discipline, retain, transfer, counsel, and/or otherwise control their police officers, including the defendant police officers herein, for their propensity for violence, including excessive and unjustified force and restraint, lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant police officers herein to be in a position to assault and/or excessively and unjustifiably restrain the plaintiff and to otherwise cause him injury and violate his federal and state constitutional rights, and/or permit these actions to take place with their knowledge or consent.

38. On information and belief, the defendants **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT**, negligently retained Defendant **POLICE OFFICER DANIEL KING** and other unidentified police officers.

39. On information and belief, the defendant police offices herein have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or would have given notice to, the defendants that the defendant police officers herein were likely to engage in conduct

that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein.

40. On information and belief, the defendants **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of police officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate the performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers of the department to function at levels of significant and substantial risk to the public in general and to the particular.

41. As a result of the foregoing conscious policies, practices, customs and/or usages, defendants **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or racially motivated behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

42. As a direct and proximate result of the defendants' wrongful policies, practices, customs and/or usages complained of herein, the plaintiff has suffered physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, both

personally and professionally.

## FOURTH CAUSE OF ACTION

(<u>Monell</u> Claim Against the Municipal Defendants)

43. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 42 as if fully set forth herein.

44. At all times material to this complaint, the Defendant **CITY OF NEW YORK**, acting through its Police department and its Police Commissioner, had in effect de facto policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of Defendant **POLICE OFFICER DAWN MITCHINER** and other unidentified Police Officers, and of the resultant official coverup of the wrong and unconstitutional conduct of these officers.

45. These de facto policies, practices and customs include, inter alia: (a) the negligent failure to properly and effectively screen, hire, train, supervise, discipline, retain, transfer, counsel, and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those police officers who are repeatedly accused of such acts: and (b) the police code of silence wherein police officers regularly coverup police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by police officers, inter alia, in sworn testimony, official reports, in statements to the Civilian Complaint Review Board ("CCRB") and the Internal Affairs Bureau, and in public statements, all of which are designed to cover for and/or falsely exonerate the accused police officers.

46. On information and belief, the Defendants **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT**, negligently failed to properly and effectively screen, hire, train, supervise, discipline, retain, transfer, counsel, and/or otherwise control their police officers, including the defendant police officers herein, for their propensity for violence, including

excessive and unjustified force and restraint, lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant police officers herein to be in a position to assault and/or excessively and unjustifiably restrain the plaintiff and to otherwise cause him injury and violate his federal and state constitutional rights, and/or permit these actions to take place with their knowledge or consent.

47. On information and belief, the defendants **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT**, negligently retained Defendant **POLICE OFFICER DAWN MITCHINER** and other unidentified police officers.

48. On information and belief, the defendant police offices herein have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or would have given notice to, the defendants that the defendant police officers herein were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein.

49. On information and belief, the defendants **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of police officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate the performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers of the department to function at levels of significant

and substantial risk to the public in general and to the particular.

50. As a result of the foregoing conscious policies, practices, customs and/or usages, defendants **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or racially motivated behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

51. As a direct and proximate result of the defendants' wrongful policies, practices, customs and/or usages complained of herein, the plaintiff has suffered physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, both personally and professionally.

## FIFTH CAUSE OF ACTION

Violation of Rights Under State Law

52. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 51 as if fully set forth herein.

53. By the actions described above, each and all of the defendants jointly and severally, have committed the following wrongful acts against the plaintiff, which are tortuous under the laws of the State of New York:

    a.    assault and battery of the plaintiff,

    b.    trespass on the person of the plaintiff,

    c.    false arrest and imprisonment of the plaintiff,

    d.    negligence in causing injuries to the plaintiff,

  e. malicious prosecution

  f. abuse of power

  g. intentional infliction of emotional distress upon the plaintiff, in that the defendants intended to and did cause the plaintiff severe emotional distress, and the defendants' acts were outrageous in the extreme and utterly unacceptable in a civilized society;

  h. negligent hiring, screening, retention, supervision and training of defendant police officers by Defendant **THE CITY OF NEW YORK** and Defendant **THE NEW YORK CITY POLICE DEPARTMENT**;

  i. conspiracy by the defendants to commit all of the above acts;

  j. violation of rights otherwise guaranteed to the plaintiff under the laws and Constitution of the State of New York.

54. The foregoing acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

55. That as a result of the aforementioned occurrence, Plaintiff **BRIAN SOSA** was caused to sustain severe physical injury, mental and/or emotional distress, mental anguish, shock, emotional disturbance and psychic trauma and plaintiff had to extend money for medical care and legal expenses as well as damage and injury to his reputation, character and earning power.

56. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

57. By reason of the foregoing, Plaintiff **BRIAN SOSA** has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## SIXTH CAUSE OF ACTION

Respondeat Superior Claim Under State Law

58. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 57 as if fully set forth herein.

59. The conduct of Defendant **POLICE OFFICER DANIEL KING** and Defendant **POLICE OFFICER DAWN MITCHINER**, and other unidentified Police Officers alleged herein, occurred while they were on duty and acting in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents and employees of the Defendant **THE CITY OF NEW YORK** and Defendant **THE NEW YORK CITY POLICE DEPARTMENT**, and as a result the defendant **THE CITY OF NEW YORK** and **THE NEW YORK CITY POLICE DEPARTMENT** are liable to the Plaintiff pursuant to the state common law doctrine of respondeat superior.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF REBECCA QUINONES

60. Plaintiff **REBECCA QUINONES** repeats, reiterates, and realleges each and every paragraph numbered 1 through 59 above with the same force and effect as though fully set forth herein.

61. That on February 1, 2008, the Plaintiff's 2003 Saturn motor vehicle bearing New York State registration number DUA8960, while operated by the Plaintiff **BRIAN SOSA**, was wrongfully and negligently shot, touched, battered, smashed and reduced in value without justification or cause, at or about 1299 Franklin Avenue, also known as Franklin Avenue at or near its intersection with 169th Street, Bronx, New York without authorization, by Defendants, **POLICE OFFICER DANIEL KING** and **POLICE OFFICER DAWN MITCHINER** and other New York City Police

Department officers, whose names are presently unknown to claimant, while acting in the scope of their employment and in furtherance of defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT**'s business.

62. That as a result of the aforesaid contact, the 2003 Saturn motor vehicle owned by Plaintiff **REBECCA QUINONES** was severely damaged.

63. That as a result of the negligence of the Defendants herein, Plaintiff **REBECCA QUINONES** has been deprived of the use of his motor vehicle.

64. That by reason of the foregoing, plaintiff **REBECCA QUINONES** has suffered property damages in the sum of **TWENTY FIVE THOUSAND and 00/100 ($25,000.00) DOLLARS**.

WHEREFORE, the Plaintiffs demand the following relief jointly and severally against all of the defendants:

    a.    Compensatory damages for Plaintiff in the amount of $100,000,000.00;

    b.    Punitive damages for the plaintiff in the amount of $100,000,000.00;

    c.    Property damages for the Plaintiff, REBECCA QUINONES, in the amount of $25,000.00;

    c.    The convening and empaneling of a jury to consider the merits of the claims herein;

    d.    A court order, pursuant to 42 U.S.C. §1988, that the plaintiff is entitled to the costs involved in maintaining this action and attorneys' fees;

      e.    Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

DATED:    New York, New York
                June 10, 2008

By: _____
Jason G. Krantz, Esq.
(JK-0166)
PHILLIPS, KRANTZ & LEVI, LLP
Attorneys for Plaintiff
204 West 84th Street
New York, New York 10024
(212) 580-6500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN SOSA and REBECCA QUINONES,

        Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
OFFICER DANIEL KING, SHIELD NO. 23592, and
NEW YORK CITY POLICE OFFICER DAWN
MITCHINER, SHIELD NO. 6522,

        Defendants.
-----------------------------------------X

Docket No. 08CV4494 (RMB) (JCF)

## SUMMONS AND AMENDED COMPLAINT

### PHILLIPS, KRANTZ & LEVI, LLP
*Attorneys for Plaintiffs*
*Brian Sosa and Rebecca Quinones*
**204 West 84th Street**
**New York, NY 10024**
**(212)580-6500**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: _____    Signature: _____
                              Print Signer's Name: _____

*PLEASE TAKE NOTICE*

[ ]      that the within is a (certified) true copy of a
Notice   entered in the office of the clerk of the within named Court on
of Entry

[ ]      that an Order of which the within is a true Copy will be presented for settlement
Notice  to the Hon.                one of the Judges of the within named Court, at    of
Settlement                            on                     20

Dated: